WILSON v. FLORENCE.

1. MUNICIPAL BONDS—AMENDED CHARTER—REPEAL OF STATUTES.—Where bonds are authorized by a vote of the electors of a city, and directed to be issued by the city council under the terms of its then existing charter, and such charter is replaced by an amended charter, containing authority to issue bonds to an amount in excess of this issue, the bonds so authorized and directed under the previous charter are valid, and their issue after the new charter takes effect will not be enjoined. For although the later act, in terms, strikes out all the sections of the prior act, yet it declares that this act is not intended to repeal any law now of force where not in direct conflict therewith.

2. IBID.—IBID.—SINKING FUND.—The right on the part of a municipality to issue bonds imposes the duty of levying taxes to pay the bonds so issued. Therefore, this corporation had the power to provide by ordinance for the levying of an annual tax to pay interest and provide a sinking fund for the payment of the principal, especially after its amended charter authorized the creation of such a sinking fund.

This was an original application by John Wilson to this court for injunction. Section 20 of the act of 1890 authorized the issue of bonds for internal improvements to an amount not exceeding $50,000, after such issue had been approved by the taxpayers, but made no provision for a sinking fund. Section

20 of the act of 1893 authorized the issue of $50,000 in bonds without an election, and $25,000 additional, if so authorized by a vote of the taxpayers, and the city council were required to create a sinking fund to liquidate all of its bonded indebtedness. The case was heard January 29, 1894.

*Mr. J. P. McNeill,* for relator.

*Mr. W. W. Harllee,* contra.

February 23, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. This is a proceeding for an injunction addressed to this court in the exercise of its original jurisdiction. It has arisen in this manner : By the act of the General Assembly of this State, approved in 1890 (20 Stat., 868), the city council of Florence, in this State, were authorized to contract a debt and issue bonds to secure the same upon a compliance with the terms of such act. An effort in this matter was declared futile by this court. See *Wilson* v. *Florence,* 39 S. C., 397. A second effort to issue bonds to the amount of $25,000 was made after such decision of this court, and a second application was made to us to enjoin such an issue, but on the 18th December, 1893, this court dismissed such petition. *Ante,* 290. Now, however, this petitioner prays for an order of injunction restraining such issue upon other grounds than those relied upon in his two foregoing efforts.

The petition. after stating that the city council has prepared bonds to the amount of $25,000, with coupons thereto attached, recites that such council have negotiated the sale of said bonds to the Carolina Savings Bank of the city of Charleston, in this State, and prays that said sale may be restrained : "V. Because such city council of Florence transcended their power in issuing and making sale of said bonds in all particulars, to wit: that while it is true that under section 20 of the act incorporating the city of Florence, approved December 23d, 1890, an election was held on the 2d day of August, 1893, to determine the issue of said bonds, and a majority vote was cast in favor of the said issue, and while it is also true that this court has recently held that said election was regular, and said city coun-

cil were fully empowered thereunder to make the issue, * * *
yet it is respectfully submitted that the said city council are
going beyond the powers conferred upon them by virtue of the
said act, and are providing a sinking fund for the payment of
the interest and the principal of said bonds, by enacting an or-
dinance providing for the annual levy of a special tax on all
the taxable property in the said city sufficient to pay the inter-
est on the said bonds as it becomes due, and to liquidate one-
twenty-fifth part of the principal each year; claiming the right
and power to issue the said bonds, make the said levy under
and by virtue of the said act, and an act amendatory thereof,
approved December 22, 1893 (21 Stat., 622). * * * And this
petitioner submits that neither of the said acts confer any such
power on said city council, as is attempted to be exercised by
them.    VI. That the question to issue bonds of the character
above described was not voted upon by the voters of said city
at the said election, and it is submitted without such vote no
such bond can be issued.    VII. That said ordinance for the
creation of the said sinking fund, and the said levy of the
said tax for the payment of the interest and principal of said
bonds, was enacted since the 1st day of January, A. D. 1894,
and the said bonds bear date the 1st day of February, A. D.
1894." The return of the city council joins issue as to their
power to issue the bonds in question, and also to provide the
sinking fund in question by the levy of taxes, under the acts of
the General Assembly of this State referred to by petitioner.

These questions are presented for our consideration : *First*.
Is the issue of the bonds in question illegal? *Second.* Is the
action of the city council of Florence in the creation of the
sinking fund and the levy of an annual tax levy to pay the in-
terest and one-twenty-fifth part of the bonds each year, without
sanction in law?

First. So far as the issue of the bonds in question is con-
cerned, that question would have been settled by the decision
of this court, if the act amendatory of the act of 1890,
approved 22d December, 1893, had not appeared. When
this court, in December last, prior to the passage of the
last act, decided that the city council of Florence had complied

with the terms of the act of 1890, and thereby acquired the right to issue the bonds, and the present issue of bonds being that referred to, in the judgment of this court, there was no longer any room to doubt the power of the city council in the premises, so far as the act of 1890 was concerned. Does the later act, that of December, 1893, alter this previous condition of things touching this power to issue these bonds? It is true, that it is expressly provided in the act of 1893, in its first section, that the act of 1890 be amended by striking out all of said act after the enacting words, and inserting the provisions that thereafter appear in said act; yet it appears in section 28 of this new act of 1893, "that this act is not intended to repeal any law now of force in the city of Florence where not in direct conflict herewith, and this act shall go into effect on the first day of January, A. D. 1894." Section 20 of the act of 1893, and of the act of 1890, so far as the issue of bonds by the city of Florence is concerned, are practically the same. The $25,000 in bonds now proposed to be sold by such city council to the Carolina Savings Bank of Charleston, are really issued after the first of January, 1894, and we are unable to see that this issue is in conflict with any provisions of the act of 1893; for in each act the city council is allowed, or rather authorized, to contract a debt of $50,000 for internal improvements, and the present issue of $25,000 is directly referable to this authority contained in each act relating to the limit of $50,000.

Second. Nor are we disposed to regard the answer to the second question as giving the petitioner any ground for the injunction prayed for. It ought always to be remembered that there is the same duty imposed upon artificial as natural persons, namely, that of paying their debts. When the General Assembly creates in a corporation the power to borrow the money of other people, inhering to this power to borrow is the corresponding duty to pay. Just as we look to the contract of private persons for its terms, so do we look to the contract of corporations for its terms. As was said by the present Chief Justice, in *Feldman* v. *City Council*, 23 S. C., 62: "It will not be denied that the power to issue the bonds, necessarily implied the power to levy the taxes to provide for the

payment thereof." So that when the taxpayers of the city of Florence voted so unanimously as was done here to authorize their city council to issue these $25,000, they bound themselves to pay taxes to pay the interest and the principal of the bonds so issued. Nor do we regard it necessary that the act of 1890 should have included in its terms the power to provide a special tax to raise a sinking fund for the payment of the principal and interest of those bonds. If it was necessary for this purpose that positive legislative authority should breathe into this city council the power to levy such special taxes, a subsequent act of the legislature could do this, not to impair the contract with the holders of its securities, but the more fully to sustain and protect this contract. In this light we view the amendments to section 20 of the act of 1890 by the same section of the act of 1893. If we were required to express an opinion upon the propriety of the conduct of the city council of Florence in regard to its creation of a sinking fund to effectually protect the holders of its securities, we would say such an arrangement was not only prudent but business-like.

It follows, therefore, that the injunction prayed for must be denied. It is the judgment of this court, that the petition be dismissed.